King *vs.* Greer *et al.*

RUFUS KING, plaintiff in error, *vs.* E. C. GREER, executor, *et al.*, defendants in error.

On the hearing of a bill filed in a claim case, a consent decree was taken that the land levied on should be sold by the sheriff, and that the attorney for plaintiff in execution should pay out of the proceeds of the sale the cost, and a certain amount to the attorneys of claimants. Other property of the defendant in execution was subsequently sold under other judgments against him. On a motion to distribute the money arising from the last sale, the first mentioned judgment being the oldest and not being fully paid by the sale of the land, it was competent for the defendant in execution and plaintiffs in the younger judgments to prove by parol that the consent decree and sale under it were to be a satisfaction of the older judgment.

Money rule. Judgments. Evidence. Before Judge CLARK. Webster Superior Court. March Term, 1873.

An execution in favor of E. C. Greer, executor of Samuel Griswold, deceased, against Robert Parker, based upon a judgment rendered in Webster Superior Court on September 16th, 1868, brought into Court $120 00. This fund was claimed by an execution in favor of Rufus King against said Parker, based upon a judgment of the Superior Court of Webster county, dated September 14th, 1863; also, by an execution in favor of James P. Walker, based upon a judgment of the Justice Court of the nine hundred and seventy-eighth district, rendered on August 8th, 1868. Greer, executor, and Walker, alleged that the King execution was satisfied. This question was submitted to the decision of the Court without the intervention of a jury.

Greer, executor, and Walker introduced in evidence the following judgment:

"RUFUS KING *vs.* ROBERT PARKER AND FLORA PARKER *et al.*, claimants.

"*Fi. fa., levy and claim, in Webster Superior Court. Levy on lots two hundred and eleven and two hundred and thirty-eight, in twenty-fifth district of Webster county.*

\*        \*        \*        \*        \*        \*

" ROBERT PARKER *vs.* RUFUS KING.

"*Bill in Webster Superior Court.*

" The jury having found the lands subject to the execution in the above case, it is considered, ordered and adjudged by the Court that the sheriff proceed to bring said lands to sale on the first Tuesday in December next. It is further ordered by the Court, that Hawkins and Guerry be charged with applying a sufficiency of the proceeds of said sale to paying all costs in the above stated cases. It is further ordered, that they be charged with paying to W. A. Hawkins, attorney for Robert Parker, the sum of $300 00 out of said proceeds, less the amount of the costs in said cases.

(Signed)        "J. M. CLARK, J. S. C., S. W. C."

S. H. Hawkins testified, that at the September term, 1872, of Webster Superior Court, when the above judgment was rendered, he did not understand that it was to be a settlement of the execution to which it related. That he acted for the plaintiff in taking this judgment, and submitted the draft of it to Willis A. Hawkins, Esq., the defendant's attorney, for his approval, before it was signed by the Court. That, prior to Court, negotiations were instituted which looked to closing up the whole case, but resulted in nothing, and at Court, this consent judgment was taken expressing the intention of the parties.

John Terry testified to substantially the same facts.

Robert Parker, the defendant in execution, testified that his understanding of the consent judgment was, that it was to be a settlement of the execution in favor of King; that he received this information from Willis A. Hawkins, Esq., his attorney.

Willis A. Hawkins, Esq., testified, that the execution of King against Parker was levied upon two lots of land as the property of Parker; that a bill was filed by Mrs. Parker and her children, claiming homestead exemption in the land; that Parker, since the purchase of these lands from King, had

greatly improved them; that Mrs. Parker and her children had also filed a claim to this property; that, under these circumstances, the said consent judgment was taken, and it was understood to be a full settlement and discharge of the execution in favor of King.

The Court held the King execution satisfied. To which ruling Rufus King excepted, upon the following grounds, to-wit:

1st. Because the Court allowed, over the objection of his counsel, the witnesses to state their understanding of the consent judgment.

2d. Because the evidence did not show said execution to have been satisfied.

HAWKINS, GUERRY & HOLLIS, for plaintiff in error.

W. A. HAWKINS; T. H. PICKETT, for defendants.

TRIPPE, Judge.

We do not propose to do violence to the principle of law that parol evidence cannot be received to add to or alter a written contract. We do not think this is such a case. Plaintiff in error claimed money on his execution arising from the sale of property of defendant in execution. Other holders of *fi. fas.* of a younger date against the same defendant, replied to plaintiff's claim, that his *fi. fa.* was satisfied. It appeared in proof that plaintiff's *fi. fa.* had previously been levied on defendant's property, from which sprang litigation and a bill enjoining the levy, etc., was filed. In the progress of that case, a consent decree was taken, finding the land subject and directing its sale on a certain day. The sale did not satisfy the *fi. fa.*, and plaintiff claims this fund on the balance due on his *fi. fa.* On the trial the other contesting creditors proposed to prove that the consideration that induced the consent to the decree was, that it should be in full satisfaction of plaintiff's debt, or, in other words, that plaintiff agreed that if he were permitted to take the decree, it should be as a payment of his

King *vs.* Greer *et al.*

debt. No such condition was expressed in the decree. Plaintiff objected to the admission of the evidence and the Court ruled it in.

If A sued B on a debt which B defended, and the parties agreed that if B withdrew his defense and permitted A to take judgment, A should surrender another claim which he held on B, could not B, in a suit by A against him on the last claim, plead payment or discharge? It would neither be the adding to nor varying a written contract, or the judgment. So if a debtor yield certain property to his creditor, with the power to sell to pay his debt, and it was agreed that it should be a full satisfaction of the claim, would it not be a good payment, and could it not be proven by parol, although the debt is in writing? In this case, the agreement was fully executed. The defendant in execution, who was complainant in the bill, together with his wife and children, consented to the decree, and surrendered the property; the plaintiff in error took the decree, had the property sold and received the proceeds, with the exception of a portion which was to be otherwise appropriated by the terms of the decree. If all this was done under an agreement that the plaintiff's debt was to be thereby fully discharged, it is but right and proper that on a money rule, which is a *quasi* equitable proceeding as between rival creditors, the other creditors should be permitted to prove it without being driven to the delay and cost of filing another bill for themselves and the debtor, to have a reformation, correction, review or new trial on the first bill.

The testimony as to the fact of such an agreement having been made was somewhat conflicting; but the whole question was left to the Judge to decide, and we see no reason to say he decided wrong on the facts.

Judgment affirmed.